**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LEOTIS FOWLER,                :

        Petitioner,    :    Civil Action No. 10-3106 (CCC)

        v.             :    **OPINION**

UNITED STATES OF AMERICA,    :

        Respondents.   :

**APPEARANCES:**

Petitioner pro se
Leotis Fowler
FCI Otisville
PO Box 1000
Otisville, NY 10963

Attorney for Respondent
Adam N. Subervi
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102

**CECCHI**, District Judge

    Petitioner Leotis Fowler is a prisoner currently confined at the FCI Otisville, in Otisville, New York. This matter comes before the Court on Petitioner's submission of a Motion for Reconsideration, Docket Entry No. 20 in 97-4168 (SRC), which has been converted into this new and separate matter, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the $5 filing fee. The sole respondent in this matter is the United States of America.

    Because it appears from a review of the Petition that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2241, the Petition will be dismissed.

I.  BACKGROUND

Petitioner was indicted on January 26, 1993 in a two-count indictment for distribution of more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  After a trial by jury, Petitioner was convicted on both counts on October 13, 1994.  He was sentenced to a term of imprisonment for 360 months, as a "career offender."  Petitioner appealed the sentence.  The Court of Appeals for the Third Circuit then held that his sentence as a "career offender" was improper and remanded to the district court for re-sentencing.  Petitioner was re-sentenced on January 9, 1997, to a term of imprisonment of 140 months followed by five years of supervised release.

Thereafter, Petitioner filed a habeas petition to vacate the sentence pursuant to 28 U.S.C. § 2255.  In that motion, Petitioner argued ineffective assistance of counsel regarding two issues: (1) failure to object to admission of certain photographs and (2) stipulation at trial that the substance involved was crack cocaine.  The petition was denied and Petitioner appealed as to the second issue only, the stipulation regarding crack cocaine.  The appeals court ruled that the trial judge committed no reversible error in the denial of the § 2255 habeas petition.

Petitioner completed his prison term and was placed on supervised release.[1]

Petitioner filed this current matter initially as a motion for reconsideration of the denial of his habeas petition under § 2255. The motion for reconsideration was converted into the instant matter, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on June 17, 2010.

The Court notes that upon conversion, Petitioner did not amend the Petition to include the warden of the facility at which he is currently confined as a named respondent.

## II.   ANALYSIS

Here, Petitioner seeks habeas relief, despite the fact that he has previously filed an unsuccessful challenge to his conviction, by a motion under 28 U.S.C. § 2255 in his criminal case. Second or successive motions under § 2255 are not permitted except in the instance of newly discovered evidence or a new rule of constitutional law that has been made retroactive. See 28 U.S.C. § 2255(h). Neither of those conditions exist here.

---

[1] Petitioner later pled guilty to another count of possession with the intent to distribute 500 grams or more of cocaine in the United States District Court for the Eastern District of Pennsylvania on January 29, 2007. According to a stipulation in that plea agreement, Fowler was listed as a "career offender." Petitioner's petition for habeas corpus relating to that matter was denied.

3

Petitioner hinges his challenge to his federal sentence on a claim of ineffective assistance of counsel, the same claim that he made in his prior § 2255 petition.

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. <u>See also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence. <u>See</u> 28 U.S.C. § 2255.

Section 2255 does, however, contain a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive

4

law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that a § 2255 remedy would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.

Accordingly, since the Dorsainvil exception does not apply here, this Court lacks jurisdiction to entertain this challenge

5

to Petitioner's conviction, which is essentially a second or successive motion under § 2255. Petitioner has previously pursued his remedies and his request for habeas relief has already been denied.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because Petitioner did not amend the Petition to include the warden of the facility at which he is currently confined as a named respondent, it would not be in the interest of justice to transfer this Petition to the jurisdiction of the facility at which Petitioner is currently confined.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

*/s/ Claire C. Cecchi*
Claire C. Cecchi
United States District Judge

Dated: November 30, 2011